### Case No. 7,540.

### The JOSEPH H. TOONE.

[Blatchf. Pr. Cas. 124.] [1]

District Court, S. D. New York. March, 1862.

BETTS, District Judge. The schooner Joseph H. Toone and her cargo were seized in the Gulf of Mexico, on the 1st of October last, by the United States steam ship-of-war South Carolina, as prize of war, and sent, with a prize crew, into the port of New York, and there libelled by the United States November 19, 1861. Proofs in preparatorio were regularly taken, and, on the 31st of December thereafter, William H. Aymer intervened, as a British subject, and claimed the vessel as owner, and alleged that various torts and wrongs were committed on him personally by the captured vessel. Delays were incurred in bringing the suit to hearing, from term to term, until the owner of the cargo applied to the court for leave to intervene for that, and put in his claim to the libel, and served a copy of his proposed claim upon the district attorney, with notice of a motion to the court to be allowed to file it by his attorney. He represents himself to be a Spanish subject, and a resident of Havana, and alleges that the cargo was Spanish property, shipped by him from one neutral port to another. The district attorney objects to the clause proposed to be inserted in the claim by the claimant, denying that the vessel violated or attempted to violate a blockaded port; and also to his invoking the test oath of the owner of the vessel, made to his claim of ownership, and the schedules annexed thereto.

The application before the court is not one to change the ordinary method of proceeding by libel and claim into formal issues upon pleas and allegations. This would strictly be allowable only after a first hearing on the preparatory proofs, and for the purpose of bringing further proofs into the case. Wheat. Mar. Capt. 283. The privilege now sought is for the owner of the cargo to make a general defence to the allegations of the libel. The special clause proposed to be made

---

[1] [Reported by Samuel Blatchford, Esq.]

part of the claim, to that end, adds nothing to the rights of defence which enure to him on the most general appearance and opposition to the grounds of confiscation charged in the libel. The particular terms of the defence to be offered to the prosecution need not be specified in the answer or claim filed in opposition to a prize libel, all the evidence to obtain a decree of condemnation being, in the first instance, to be produced by the captors. The construction of the claim offered on the part of the owner of the cargo is, therefore, quite immaterial. The suit is only to be litigated on the case made by the libellants; and it is only when that case affords grounds for conviction of the property seized, and is so pronounced by the court, that it becomes necessary for the claimant to show a defence through pleadings or proofs. There is no legal relevancy in the invocation of papers set forth in the claim, proposed to be put in by the claimant of the cargo, because that relief is not attainable through pleading, but is granted only on motion, and at the discretion of the court. Prize Rules, 30–33. There being no necessity for, or pertinency in, the clause prayed by the claimant to be inserted in his claim, but it being needful that he should interpose in the suit, and contest the demand of the libellants, and no unreasonable delay being shown in his so doing, it is ordered by the court that the claimant of the cargo captured be allowed to file forthwith his claim thereto in the suit, omitting therefrom, as inappropriate, the third clause of the same, objected to by the district attorney.